Date signed December 04, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PAULINE J. KEARSE | : | Case No. 09-16416PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| AEROTEK SCIENTIFIC, LLC | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 09-0548PM |
| | : | |
| PAULINE J. KEARSE | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

**MEMORANDUM OF DECISION**

This adversary proceeding is before the court on the Defendant's Motion to Dismiss the Complaint and the Plaintiff's Opposition thereto. The purpose of a Rule 12(b)(6) motion, made applicable to the adversary proceeding by Fed. Rule of Bankruptcy Proc. 7012(b) is to test the legal sufficiency of the complaint. In considering the motion the court must accept as true all of the plaintiff's factual allegations and all favorable inferences that may be reasonably drawn from those allegations. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1134 (CA4 1993). A motion to dismiss should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim, and would entitle it to relief." *Id.* But "[i]t is not, however, proper to assume that [the plaintiff] can prove facts that it has not alleged . . . ." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526

(1983).  And, as noted in Judge Bennett's recent opinion in the case of *Sadowski v. United States Postal Serv.*, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" 643 F. Supp. 2d 749, 752 (D. Md. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Sadowski* opinion goes on to say that "[o]n a spectrum, the Supreme Court has recently explained that the plausibility standards require that the pleader show more than a sheer possibility of success, although it does not impose a 'probability requirement.'" *Id*. (citing *Ashcroft v. Iqbal*,  -- U.S. --, 129 S. Ct. 1937, 1949 (2009)).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal parallel citations omitted).  In deciding the Motion to Dismiss, the court views the Complaint, and any exhibits incorporated by reference, in the light most favorable to the Plaintiff and accepts as true all factual allegations contained in the Complaint, as well as reasonable inferences therefrom.

   The Complaint pleads in detail the alleged misconduct of the Debtor and is stated in three counts.  Count I is filed under § 523(a)(2) that provides as follows:

> **11 U.S.C. § 523.  Exceptions to discharge**
>
> (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> \*   \*   \*   \*   \*
> (2) for money, property, services, or an extension, renewal , or refinancing of credit, to the extent obtained, by--
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > (B) use of a statement in writing--
> > > (i) that is materially false;
> > > (ii) respecting the debtor's or an insider's financial condition;
> > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > > (iv) that the debtor caused to be made or published with intent to deceive; or
> > (C)(i) for purposes of subparagaph (A)--
> > > (I) consumer debts owed to a single creditor and aggregating more than $550 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to

>     be nondischargeable; and
>             (II) cash advances aggregating more than $825 that
>     are extensions of consumer credit under an open end credit
>     plan obtained by an individual debtor on or within 70 days
>     before the order for relief under this title, are presumed to
>     be nondischargeable; and
>       (ii) for purposes of this subparagraph--
>             (I) the terms 'consumer', 'credit', and 'open end
>     credit plan' have the same meanings as in section 103 of
>     the Truth in Lending Act; and
>             (II) the term 'luxury goods or services' does not
>     include goods or services reasonably necessary for the
>     support or maintenance of the debtor or a dependent of the
>     debtor.

Maryland law setting out what is required in an action for fraud is found in the landmark case of *Martens Chevrolet, Inc. v. Seney*, 439 A.2d 534 (Md. 1982). The Court of Appeals instructed that "[t]he critical element of the tort of deceit that distinguishes it from others arising from false representation is scienter on the part of the defendant -- intent to deceive the other party." *Id*. at 537. Quoting *Gittings v. Von Dorn,* 109 A. 553 (Md. 1920), it reiterated the formula required to entitle the plaintiff to recover: "(1) that the representation made is false; (2) that its falsity was either known to the speaker, or the misrepresentation was made with such a reckless indifference to truth as to be equivalent to actual knowledge; (3) that it was made for the purpose of defrauding the person claiming to injured thereby; (4) that such person not only relied upon the misrepresentation, but had a right to rely upon it in the full belief of its truth, and that he would not have done the thing from which the injury resulted had not such misrepresentation been made; and (5) that he actually suffered damage directly resulting from such fraudulent misrepresentation." *Id*.

Plaintiff alleges violations of an affirmative duty to comply with multiple court orders, all with a purpose to deceive. Specifically, it is alleged that Defendant was continuing her competing activities in violation of the contract restrictions and court injunctions and lied about her conduct. Assuming these allegations to be true, they are not sufficient to support a fraud claim. Under the test set out in *In re Genesys Data Techs., Inc.*, 204 F.3d 124 (CA4 2000), this alleged perjury does not amount to fraud on the court. In short, the court finds that Count I does not state a cause of action and will be dismissed.

Count II of the Complaint is based on § 523(a)(4) of the Bankruptcy Code that provides:

>    (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>    \*             \*             \*             \*             \*
>
>    (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

This Count seeks to plead a cause of action in the nature of a defalcation or embezzlement. Under the test described in such cases of *In re Ansari*, 113 F.3d 17, 20 (CA4 1997) and *In re Swirsky,* 372 B.R. 551, 563 (B.C. Conn. 2006), a creditor must prove that the debtor committed the wrongful acts while acting in a fiduciary capacity. Inasmuch as the trade secrets came into Debtor's possession lawfully, the Complaint's description of embezzlement or defalcation are a proper foundation for an action under § 523(a)(4).

Count III states a claim for relief under § 523(a)(6) of the Bankruptcy Code that provides:

>    (a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>    \*             \*             \*             \*             \*
>
>    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

The Supreme Court has established guidelines for determining whether a debt arises from a willful or malicious injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 59 (1998) (holding that § 523(a)(6) does not except from discharge debts arising from negligently or recklessly inflicted injuries). In *Kawaauhau*, the Court concluded that, for a debt to be nondischargeable under § 523(a)(6), the debtor must have actually intended to cause injury, not merely an act that results in injury. The test then is whether the debtor acted with substantial certainty that harm would result or possessed a subjective motive to cause harm. *See In re Miller*, 156 F.3d 598, 603 (CA5 1998); *In re Jercich*, 238 F.3d 1202, 1205, 1207-08 (CA9 2001). The Complaint adequately states a cause of action under §523(a)(6).

An appropriate order will be entered.

cc:
Christopher Schwartz/Eric Heyer, Esq., 1920 N Street, NW, #800, Washington, DC 20036
Robert Goren/Jeffrey Orenstein, Esq., 15245 Shady Grove Road, #465, Rockville MD 20850
Cheryl E. Rose, Trustee, 12154 Darnestown Road, Box 623, Gaithersburg, Md 20878

**End of Memorandum**